# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES M. REIBER,

        Plaintiff,

    v.

DURAN, et al.,

        Defendants.

CASE NO. 1:09-cv-01827-GBC PC

ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(Doc. 1)

THIRTY-DAY DEADLINE

## I. Screening Requirement

Plaintiff James Reiber ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 19, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

(2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

On September 13, 2008, Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), was reading a book on his assigned upper bunk at approximately 23:00 hours. He rolled over and fell four and one half feet off the bunk onto the cement floor, landing on his left hip. (Doc. 1, Comp., § IV, p. 4.) An emergency medical alarm was sounded and correctional staff responded. Staff asked Plaintiff to stand up and walk to a stretcher, but he was unable to stand on his own. Plaintiff was lifted onto the stretcher and transported to the Correctional Treatment Center ("CTC") by prison ambulance. (Doc. 1, Comp., p. 4.)

According to Plaintiff, once he was at CTC he became very cold and started to shiver uncontrollably. Defendants Croom, Duran, and Tran were all nearby joking about the incident and thwarted any effort by Plaintiff to get a blanket from medical staff. After being left alone at CTC for several hours, Plaintiff was transported to Corcoran Hospital in the back seat of a patrol car. During the transport Plaintiff had to sit up and he was in leg and hand restraints. Plaintiff alleges that he was in extreme pain during the trip. During the ride, the transporting officers continued to joke and ridicule Plaintiff. Plaintiff alleges these acts were cruel and unusual punishment and a direct violation of Title 15, CCR, §§ 3004, 3005. (Id.)

At Corcoran Hospital Plaintiff was provided with a blanket, almost seven hours after his initial injury, and had his hip x-rayed. During the medical exam, Plaintiff alleges that the doctor berated Defendants Croom and Duran for not allowing Plaintiff to have a blanket, stating that he could have gone into shock. Additionally, when the doctor found out Plaintiff was not transported

by ambulance he was very upset, stating they could have caused further damage. (Id.) Plaintiff was transported by ambulance to Fresno Community Regional Hospital for surgery and had three titanium screws inserted into his hip to repair a fracture of his left femur where it joins the pelvis. (Id. at § IV, p. 4.) The surgeon told Plaintiff that he should not put any weight on his leg for 4-6 weeks and that he should be issued a wheel chair at the prison until he was sufficiently healed. (Id., p. 4.)

On September 16, 2008, Plaintiff was transported back to CSATF in the back of the custody transport van. He was required to climb three steps to get into and out of the van. He had to ride sideways, causing him to move from side to side as the van accelerated or stopped, which caused additional pain. When Plaintiff arrived at CTC, medical staff came to the van and took his vital signs, but refused to allow him to see a doctor to answer questions about his medical care at the prison. Plaintiff was given crutches and had to walk back to building G3. After he requested a lower bunk, he was reassigned and other inmates moved his belongings. (Id.)

Plaintiff attempted to see Defendant Nyenke on August 17, 2008. After waiting several hours, he was told he needed to submit a form to see the doctor unless it was a life threatening emergency. Plaintiff alleges he was refused pain medication several times and was not given any paperwork from the hospital. (Id., p. 5.)

In his complaint Plaintiff alleges claims against Defendants as follows. Defendants Duran, Tran, and Croom denied him immediate medical treatment, harassed him and threatened him with further harm while he was seeking medical treatment. Defendant Rodriguez harassed Plaintiff and made fun of him in public. An unknown nurse treated him between 11:30 p.m. and 3:00 a.m. on the night of the injury and was not responsive to his medical needs. Defendant Nyenke delayed pain medication and a wheelchair. Plaintiff brings this suit seeking an injunction requiring the California Department of Corrections and Rehabilitation ("CDCR") to install guard rails on upper bunks in all prisons, dismissal or retraining of individual defendants, financial compensation in excess of $100,000 and medical care for the remainder of his life for the hip injury. (Id.)

///

///

### III. Discussion

#### A. Deliberate Indifference to Medical Needs

##### 1. Legal Standard

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

Deliberate indifference is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

##### 2. Prison Guards

Although Plaintiff alleges that Defendants Duran, Tran, and Croom denied him immediate medical treatment following his fall, it is not clear what Defendants failed to do in light of the fact that an emergency alarm was sounded, staff responded within minutes, and Plaintiff was transported to the CTC. This sequence of events does not support a claim that Defendants knowingly disregarded an excessive risk to Plaintiff's health by delaying medical care, Farmer, 511 U.S. at 837, or that a delay causing further harm occurred, McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Further, although Defendants allegedly thwarted Plaintiff's attempts to get a blanket from medical staff at the CTC and a doctor later said Plaintiff could have gone into shock, there is no indication that Defendants knowingly endangered Plaintiff's health or safety or that Plaintiff suffered

4

any further harm.  In addition, the allegation that Defendants thwarted his attempts to get a blanket is vague.  It is not clear how Defendants prevented Plaintiff from obtaining a blanket from medical staff.  The mere possibility of misconduct is not sufficient to support a facially plausible claim for violation of Plaintiff's constitutional rights.  Fed. R. Civ. P. 8(a); Iqbal, 129 S. Ct. at 1949-50.  For these reasons, Plaintiff fails to state an Eighth Amendment claim against Defendants Duran, Tran, and Croom for denial of or interference with medical care.

### 3.  Medical Personnel

Plaintiff's allegations that an unidentified nurse was inexperienced, did not care, or did not believe he was injured; and that Defendant Nyenke delayed his pain medication and wheelchair do not give rise to cognizable claims for relief.  (Doc. 1, Comp., § VI.)  Plaintiff's vague allegations fall short of supporting a claim that either Defendant acted with deliberate indifference to his medical needs.  It is unclear what the nurse failed to do or what harm, if any, resulted.  With respect to Defendant Nyenke, how or why the delay occurred, the length of the delay, and what harm occurred as a result of the delay are unclear.  The Court cannot conclude that the actions or omissions even amounted to neglect, but to the extent that Plaintiff was neglected, his constitutional rights were not violated.  E.g., Estelle, 429 U.S. at 106; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

## B.  Verbal Harassment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must be objectively and sufficiently serious and involve "the wanton and unnecessary infliction of pain." Farmer, 511 U.S. at 834; Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Prison conditions that are restrictive or harsh do not necessarily violate the Eighth Amendment.  Farmer, 511 U.S. at 833.  The prison official must have acted with deliberate indifference.  Toguchi, 391.F.3d at 1057.  Verbal harassment does not constitute a violation of the Eighth Amendment.  Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987).  A verbal threat does not state a cause of action under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th 1987).

Plaintiff alleges that Defendants Croom, Duran, and Tran were laughing and joking about

5

his injuries and Defendant Rodriguez "har[]assed and made fun of [him] publicly." (Doc. 1, Comp., § IV, p. 4.)  These allegations do not state a cognizable claim for relief.

### C.    Title 15 Violations

Plaintiff alleges Defendants violated Title 15 of the California Code of Regulations.  (Doc. 1, Comp., p. 4.)  Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States."  Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  There is no independent cause of action for a violation of Title 15 regulations.  See Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009).

### D.    Injunctive Relief

Plaintiff requests an injunction requiring CDCR to install guard rails on every upper bunk in every state prison.  The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Although Plaintiff alleges that a bunk guardrail would have prevented his fall, Plaintiff's complaint does not state a cognizable claim arising out of the lack of a guardrail.  In the absence of a viable claim based on the lack of a rail, Plaintiff may not seek an injunction mandating the

placement of rails on bunks.[1]  18 U.S.C. § 3626(a)(1)(A); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3007 (U.S. Jun. 22, 2010) (No. 09-1561). Accordingly, Plaintiff's claim for injunctive relief is not cognizable.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed October 19, 2009, is dismissed for failure to state a claim

---

[1] In addition, CDCR itself is immune from suit.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).

upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     October 13, 2010

UNITED STATES MAGISTRATE JUDGE